UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

MICHAEL MALOTT, # 467434,                )
                                         )
                    Plaintiff,           )
                                         )        Case No. 1:18-cv-62
v.                                       )
                                         )        Honorable Paul L. Maloney
LARRY WEAVER, et al.,                    )
                                         )
                    Defendants.          )
—————————————————————)

## **REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Oaks Correctional Facility. The defendants are Assistant Resident Supervisor (ARUS) Larry Weaver and Corrections Officers Gary Blow and Derick Carney. Plaintiff alleges that defendants violated his First Amendment rights. He claims that defendants took the following actions in retaliation for his other lawsuits: (1) on November 16, 2016, and February 3, 2017, ARUS Weaver and Officer Blow removed legal documents and writing materials from his cell; (2) on January 30, 2017, ARUS Weaver delayed delivery of his legal mail; (3) on February 3, 2017, Officer Blow delayed delivery of his legal mail; (4) on April 26, 2017, Officer Carney removed writing paper and legal forms from plaintiff's cell.[1]

---

[1] All other claims have been dismissed. (ECF No. 12, 13).

The matter is before the Court on defendants' motion for partial summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a).[2]  (ECF No. 44).  Plaintiff opposes the motion.  (ECF No. 47).  Defendants filed a reply brief.[3]  (ECF No. 48).  For the reasons set forth herein, I recommend that the Court grant defendants' motion, and dismiss without prejudice, all plaintiff's claims, except his retaliation claims against ARUS Weaver and Officer Blow stemming from the November 16, 2016, cell search, which were excluded from defendants' motion.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The Court must consider all pleadings, depositions, affidavits, and admissions on file, and

---

[2] "For purposes of this motion alone, [d]efendants are not contesting exhaustion with respect to the November 16, 2016, search of [plaintiff's] cell."  (Reply Brief, 3, ECF No. 48, PageID.735).

[3] Under Local Rule 7.2(c), leave of Court is required to file a sur-reply brief. *See* W.D. MICH. LCIVR 7.2(c).  Plaintiff's unauthorized sur-reply brief (ECF No. 51) is disregarded.

draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 866 (6th Cir. 2019) ("[C]asting only [a] 'metaphysical doubt' is insufficient to survive summary judgment.") (quoting *Matsushita*, 475 U.S. at 586). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252)); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "[W]here the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted).  In other words, the movant with the burden of proof " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' "  *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056.  Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies.  A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies.  42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the

prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734.  "This requirement is a strong one.  To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216.  The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies.  The Supreme Court reiterated that "no unexhausted claim may be considered."  549 U.S. at 220.  The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims.  549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law.  *Jones v. Bock*, 549 U.S. at 218-19.  In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion."  548 U.S. at 93.  "Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[4] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read

---

[4]A copy of the policy directive is found in the record. (*See* ECF No. 45-3, PageID.694-700).

futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## Preliminary Matters

Plaintiff's complaint (ECF No. 1) is not verified under penalty. Thus, it cannot be considered as an affidavit in opposition to defendants' motion for partial summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). The exhibits attached to plaintiff's complaint labeled as "Memorandum in Support of Law" and "Exhaustion of Legal Remedies" (ECF No. 1-1, PageID.25-29, 31-36) are not affidavits or unsworn declarations under 28 U.S.C. § 1746.

Plaintiff attached a dozen documents to his complaint that he labeled as "affidavits." (ECF No. 1-2, PageID.267-84). None of these documents satisfy the requirements to be considered as affidavits. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4); *see Belser v. James*, No. 16-2578, 2017 WL 5479595, at *2 (6th Cir. June 6, 2017) (" '[Plaintiff]'s bald assertion that [the grievance coordinator] refused to give him grievance forms is not enough to excuse the complete absence of evidence that he attempted to exhaust his administrative remedies for the many claims he raised in his district court complaint.' ") (quoting *Arbuckle v. Bouchard*, 92 F. App'x 289, 291 (6th Cir. 2004)); *see also LaPine v. Savoie*, No. 16-1893, 2017 WL 6764085, at *3 (6th Cir. Aug. 11, 2017) ("A conclusory affidavit bypasses the specific-facts requirement of

Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.")
(citation and quotation omitted).

None of plaintiff's purported affidavits contain a notary jurat vouching for the
truthfulness of the signed record. A jurat is a "a certification by a notary public that
a signer, whose identity is personally known to the notary public or proven on the
basis of satisfactory evidence, has made in the presence of the notary public a
voluntary signature and taken an oath or affirmation vouching for the truthfulness
of the signed record." *Dunbar v. Prelesnik*, No. 1:13-cv-1100, 2014 WL 4542467, at *4
(W.D. Mich. Sept. 11, 2014) (citation and quotation omitted). "The absence of a jurat
or other evidence of verification requires a court to find that the document fails to
constitute an affidavit." *Id.*; *see Smith v. Washington*, No. 1:17-cv-285, 2018 WL
6981149, at *2 n.2 (W.D. Mich. Dec. 4, 2018) ("While the paper is signed by a notary,
it did not contain a notary jurat vouching for the truthfulness of the signed record"
and in the "absence of a jurat or other evidence of verification requires a finding that
the document fails to constitute an affidavit.") (citation and quotation omitted).

Although plaintiff indicates that he "swears" to the facts in his "affidavits" he
never states that he is doing so under penalty of perjury. "[A] purported affidavit, on
which perjury could not be assigned if it was willfully false, would not, in law, be an
affidavit at all." *Dunbar v. Prelesnik*, 2014 WL 4542467, at *4; *see also Colston v.
Boston Market Corp.*, No. 2:17-cv-11649, 2018 WL 1404417, at*6 (E.D. Mich.
Feb. 14, 2018) (A purported affidavit indicating that it was "sworn under the penalty"

was deficient and was not considered because it left open the question "under penalty of *what*?").

None of plaintiff's purported affidavits satisfy the statutory requirements to be considered as unsworn declarations under 28 U.S.C. § 1746. The documents do not contain unambiguous statements "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2). Because plaintiff did not follow the stringent statutory requirements, the documents are not declarations which can be used as a substitute for an affidavit under § 1746(2). *See Hardy v. Gauderer*, No. 1:16-cv-1130, 2018 WL 1477150, at *4 (W.D. Mich. Mar. 5, 2018).

## Relevant Facts

Plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) during the period at issue. Assistant Resident Supervisor (ARUS) Larry Weaver and Corrections Officers Gary Blow and Derick Carney were MDOC employees at ECF during the same period.

Plaintiff pursued grievances through a Step III decision before he filed his complaint (*see* ECF No. 45-2, PageID.600-92), but none of those grievances correspond to the claims that are the subject of defendants' motion for summary judgment.

On February 9, 2017, ECF's grievance coordinator received a grievance from plaintiff and assigned it ECF-2017-02-502-15B. (ECF No. 1-1, PageID.67). Plaintiff complained that on January 30, 2017, his legal mail had been delivered late in retaliation for lawsuits that he had filed. He did not mention ARUS Weaver. (*Id.*).

Plaintiff's grievance was denied at Step I because plaintiff "could provide no proof or evidence to support his allegations." (*Id.* at PageID.68).  Plaintiff's Step II appeal was rejected because it was untimely.  (*Id.* at PageID.69-70).  The MDOC did not receive a Step III appeal of this grievance (*Id.* at PageID. 37-39) and it does not appear on the MDOC's Step III Grievance Report (ECF No. 45-2. PageID.600-18).

On February 9, 2017, ECF's grievance coordinator received a grievance from plaintiff and assigned it ECF-2017-02-503-15B.  (ECF No. 1-1, PageID.85).  Plaintiff complained that on February 3, 2017, his legal mail had been delivered late.  He did not mention Officer Blow.  (*Id.*).  Plaintiff's grievance was denied at Step I because plaintiff "could provide no proof or evidence to support his allegations."  (*Id.* at PageID.86).  Plaintiff's Step II appeal was rejected because it was untimely. (*Id.* at PageID.88).  The MDOC did not receive a Step III appeal of this grievance (*Id.* at PageID.37-39) and it does not appear on the MDOC's Step III Grievance Report (ECF No. 45-2. PageID.600-18).

On March 21, 2017, ECF's grievance coordinator received four grievances from plaintiff and assigned them Grievance Nos. ECF-2017-03-896-28E, ECF-2017-03-897-28E, ECF 2017-03-898-28E, and ECF-2017-03-899-28E.   (ECF No. 1-1, PageID.142-44, 150-56).  Plaintiff complained that on February 24, 2017, ARUS Weaver and Officer Blow took legal documents or personal property from his cell. (*Id.*).  These grievances were rejected at Step I as untimely.  (*Id.*).  None of these grievances appear on the MDOC's Step III Grievance Report (ECF No. 45-2. PageID.600-18).

On April 27, 2017, ECF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ECF-2017-04-1288-17Z. (ECF No. 1-1, PageID.132). Plaintiff complained that on April 26, 2017, Officer Carney confiscated his "lawsuit papers" and "blank paper" to "deny [plaintiff] access to the courts." (ECF No. 1-1, PageID.132). This grievance was resolved at Step I. (*Id.*). All pink and yellow paper would be returned to plaintiff because ECF officials confirmed that another prison facility provided this type of paper for use by its indigent prisoners. Plaintiff's signature appears at the bottom of the Step I grievance report indicating that this grievance was resolved. (*Id.*). Plaintiff filed a Step II appeal indicating that materials that had been taken on April 26, 2017, had not been returned. (*Id.* at PageID.133). The warden denied plaintiff's Step II appeal. He noted that a hearing officer's report indicated that library materials were returned to the prison's library and that plaintiff's papers were returned to him. (*Id.* at PageID.134). This grievance does not appear on the MDOC's Step III Grievance Report (ECF No. 45-2. PageID.600-18).

## <u>Discussion</u>

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against him as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Plaintiff did not pursue any of the relevant claims through a Step III decision before he filed this lawsuit.  Plaintiff seeks to avoid dismissal of his claims by arguing that the only reason that he was not able to exhaust his administrative remedies was that defendants hindered his ability to exhaust those remedies.  (Plf. Brief, 1, ECF No. 47, PageID.711).  He also blames the grievance coordinator for hindering his ability to exhaust administrative remedies.  (*Id.* at 2, 5 PageID.712, 715).  Plaintiff argues that he had a legitimate reason for his untimely filings because, at some unspecified time, he was "hospitalized for a suicide attempt and transferred to another prison."  (*Id.* at 6, PageID.716).  Plaintiff did not submit any admissible evidence in support of these arguments.  "Arguments in parties' briefs are not evidence."  *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

I find that defendants have carried their burden on the affirmative defense, and I recommend that their motion for partial summary judgment be granted.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court grant defendants'
motion for partial summary judgment (ECF No. 44), and dismiss without prejudice,
all plaintiff's claims, except his retaliation claims against ARUS Weaver and Officer
Blow stemming from the November 16, 2016, cell search, which were excluded from
defendants' motion.

Dated:  August 1, 2019                          /s/  Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge

## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served
within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R.
CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH.
LCIVR 72.3(b).    Failure to file timely and specific objections may constitute a
forfeiture of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985);
*Berksire v. Beauvais*, Nos. 17-1993/2039, __ F. 3d __, 2019 WL 2710236, at *6 (6th
Cir. June 28, 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th
Cir. 2012).  General objections do not suffice.  *See McClanahan v. Comm'r of Social
Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590,
596-97 (6th Cir. 2006).